UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CIERRA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO:   10-1206** |
| **CITY OF NEW ORLEANS, ET. AL.** | **SECTION: "C" (2)** |

## ORDER

Before the Court is Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(C), or, Alternatively, for Summary Judgment Pursuant to F.R.C.P. 56. (Rec. Doc. 26). Having reviewed the memoranda of counsel and the applicable law, the motion to dismiss is DENIED for the following reasons.

### I. Background

This case involves the murder of Marilyn Green and her male friend at the hands of her ex-husband Jackie Green. (Rec. Doc. 1 at 1). Plaintiff is Marilyn Green's daughter, who claims that her mother's homicide was foreseeable and preventable by the New Orleans Police Department ("NOPD"). *Id.* Specifically, Plaintiff alleges that 15 days before her mother's murder, Jackie Green attempted to run Marilyn's car off the road. *Id.* Plaintiff claims she was driving Marilyn's car at the time and heard Jackie Green make several death threats over the telephone while he was attempting to run them off the road. *Id.* Plaintiff asserts that she drove directly to the Seventh District Station of the NOPD and made a full report of Jackie Green's violent driving and repeated death threats. *Id.* at 2. Despite these clear reports from multiple witnesses, Plaintiff alleges that the officers took no action, and did not even file a report or issue them with a customary item number for Marilyn's complaint. *Id.* at 6. Finally, Plaintiff claims that after an initial review by the Public Integrity Bureau ("PIB") of the NOPD, the PIB could not find an item number for Marilyn's complaint, nor any police report on the subject. *Id.* at 7.

1

Defendants, the City of New Orleans, Mayor Ray Nagin, and Superintendent Warren Riley, have filed the present motion to dismiss on the grounds that Plaintiff has failed to state a cause of action against them for which relief could be granted.  (Rec. Doc. 26 at 1).

## II.  Law and Analysis

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008);  *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).  In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to some sort of legal remedy.  *Ramming v U.S.*, 281 F. 3d 158, 162 (5th Cir. 2001);  *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).  The Supreme Court has put it this way:  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain.  *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

Plaintiff has alleged sufficient factual matter, which if accepted as true, states a claim that is plausible on its face.  There are two elements required to hold a city liable under 42 U.S.C. § 1983 for inadequate training policies:  (1) that the city's enactment of an inadequate training policy (or failure to enact any policy whatsoever) reflected "deliberate indifference" to the constitutional rights of its citizens;  and (2) the city's inadequate training policy, or lack of any policy, was the "moving force" behind the constitutional violation.  *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989); *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978).  Furthermore, the Fifth Circuit has

2

"acknowledged that certain intentionally discriminatory policies, practices, and customs of law enforcement with regard to domestic assault and abuse cases may violate the Equal Protection Clause." *Beltran v. City of El Paso*, 367 F.3d 299, 304 (5th Cir. 2004).

Here Plaintiff has alleged that the NOPD knew that Jackie Green had just attempted to kill Marilyn Green, and had made repeated verbal threats against Marilyn Green's life and yet took no action to interview Jackie Green, or even to file a police report of the incident. Furthermore, Plaintiff claims that the above inaction was due to Defendants' failure to institute an adequate policy regarding domestic violence, which resulted in policies and customs at the NOPD that violated both her and Marilyn Green's rights. Therefore this Court finds that there are factual disputes regarding whether Defendants did in fact institute a policy on domestic violence that was deliberately indifferent to Plaintiff's rights, making judgment on the pleadings inappropriate. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

The Court further notes summary judgment is premature, as Defendants have failed to respond to Plaintiff's discovery requests. (Rec. Doc. 27 at 1).

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendants' motion to dismiss is DENIED. (Rec. Doc. 26).

New Orleans, Louisiana, this 9th day of May, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE